## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| CARRIE FISHER, | ) | DEMAND FOR JURY TRIAL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: |
| | ) | |
| MARRIOTT INTERNATIONAL, | ) | |
| INC., COBB GALLERIA HOTEL, | ) | |
| LLC, AUDIO VISUAL SERVICES | ) | |
| GROUP LLC D/B/A PSAV, | ) | |
| REALLY SUCCESSFUL LIMITED, | ) | |
| BARRY PLASKOW, MOONSONG | ) | |
| MEDIA[1] and JOHN DOES 1-5 | ) | |
| | ) | |
| Defendants. | | |

## COMPLAINT

Plaintiff, CARRIE FISHER, Individually, by and through her attorneys, Pansini & Mezrow and Law Office of Daniel R. Crumby, ever as follows upon causes of action set forth below:

## PRELIMINARY STATEMENT

1.      This action is a renewal under O.C.G.A. § 9-2-61 of Carrie Fisher v. Marriott International, Inc., Cobb Galleria Hotel, LLC, Audio Visual Services Group

---

[1] Moonsong Media nay Moonsong Productions is the same entity, and was previously misidentified in the Original litigation.

LLC D/B/A PSAV, Really Successful Limited, Barry Plaskow, Moonsong Media and John Does 1-5, United States District Court for the Northern District of Georgia Civil Action File No. 1:19-cv-01769-ELR ("Original Suit"), which was a valid pending action voluntarily dismissed without prejudice pursuant to Federal Rules of Civil Procedure 41(a)(1)(A)(ii) on December 15, 2020. This action arises out of the same transaction or occurrence and is asserted by the same Plaintiff against the same Defendants as the Original Suit.

2.      The privilege of renewal has not previously been exercised.

## PARTIES

3.      Plaintiff, **CARRIE FISHER**, is an adult individual and citizen of the Commonwealth of Pennsylvania, who at all times relevant resided at 2477 St. Peters Road, Pottstown, Pennsylvania 19465.

4.      Defendant, **MARRIOTT INTERNATIONAL, INC.,** is, upon information and belief, a foreign corporation and/or an incorporated association and/or partnership which, at all times relevant herein, has engaged in business within the State of Georgia and in the County of Cobb, on a regular, systematic, continuous and substantial basis. Said Defendant maintains a regular place of business at 10400 Fernwood Road, Bethesda, Maryland 20817.

5.     Defendant, **COBB GALLERIA HOTEL, LLC,** is a Georgia Limited Liability Company, at all times relevant herein, has engaged in business within the State of Georgia and in the County of Cobb, on a regular, systematic, continuous and substantial basis. Said Defendant maintains a regular place of business at 2844 Cobb Parkway SE, Atlanta, Georgia 30339.

6.     Defendant, **AUDIO VISUAL SERVICES GROUP, LLC d/b/a PSAV**, upon information and belief, is a foreign corporation and/or an incorporated association and/or partnership which, at all times relevant herein, has engaged in business within the State of Georgia and in the County of Cobb, on a regular, systematic, continuous and substantial basis. Said Defendant maintains a regular place of business at 5100 N. River Road, Suite 300, Schiller Park, Illinois 60176.

7.     Defendant, **REALLY SUCCESSFUL LIMITED**, upon information and belief, is a foreign corporation and/or an incorporated association and/or partnership which, at all times relevant herein, has engaged in business within the State of Georgia and in the County of Cobb, on a regular, systematic, continuous and substantial basis. Said Defendant maintains a regular place of business at 4-8 Hope Street, IM1 1AQ Douglas Isle of Man, British Isles, United Kingdom.

8.     Defendant, **MOONSONG MEDIA nay MOONSONG PRODUCTION**, upon information and belief, is a foreign corporation and/or an

incorporated association and/or partnership which, at all times relevant herein, has engaged in business within the State of Georgia and in the County of Cobb, on a regular, systematic, continuous and substantial basis. Said Defendant, Moonsong Media nay Moonsong Production was served in the Original litigation and maintained its regular place of business at Moshav Yonatan, Israel 1241500.

9.      Defendant, **BARRY PLASKOW**, upon information and belief, is the Chief Executive Officer of **REALLY SUCCESSFUL LIMITED**, a foreign corporation and/or an incorporated association and/or partnership which, at all times relevant herein, has engaged in business within the State of Georgia and in the County of Cobb, on a regular, systematic, continuous and substantial basis. Said Defendant maintains a regular place of business at 4-8 Hope Street, IM1 1AQ Douglas Isle of Man, British Isles, United Kingdom.

10.     Defendants, **JOHN DOES 1-5**, whether singular or plural, are those entities or persons, at all times relevant herein, have engaged in business within the State of Georgia and in the County of Cobb, on a regular, systematic, continuous and substantial basis, and whose wrongful conduct also caused Plaintiff injuries and damages. The identities of any John Does are unknown but will be substituted by the amendment if and when ascertained. John Does are subject to the jurisdiction and venue of this Court.

11.   Plaintiff, **CARRIE FISHER**, suffered physical pain, mental anguish, and humiliation, and she may continue to suffer the same for an indefinite period in the future, and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00)

12.   This Court has diversity jurisdictions over the Parties pursuant to 28 U.S.C. § 1332. Venue is proper in the United States District Court for the Northern District of Georgia, as the incident forming the basis for this Complaint occurred at the Sheraton Suites Galleria hotel located at 2844 Cobb Parkway SE, Atlanta, Georgia 30339, in the Northern District of Georgia.

## FACTUAL ALLEGATIONS

13.   At all times relevant herein, the Defendants, **MARRIOTT INTERNATIONAL, INC., COBB GALELRIA HOTEL, LLC, AUDIO VISUAL SERVICES GROUP LLC d/b/a PSAV, REALLY SUCCESSFUL LIMITED, MOONSONG MEDIA, BARRY PLASKOW,** and **JOHN DOES 1-5**, were acting by and through their authorized agents and/or employees who were acting in the course and scope of their employment.

14.   At all times relevant hereto, Plaintiff, **CARRIE FISHER**, was a guest and business invitee at the Sheraton Suites Galleria hotel located at 2844 Cobb Parkway SE, Atlanta, Georgia 30339.

15.    At    all    times    relevant    hereto,    Defendant,    **MARRIOTT INTERNATIONAL, INC.,** owned, occupied, maintained, supervised, managed and/or possessed the premises of the Sheraton Suites Galleria hotel located at 2844 Cobb Parkway SE, Atlanta, Georgia 30339.

16.    At all times relevant hereto, Defendant, **COBB GALLERIA HOTEL, LLC,** owned, occupied, maintained, supervised, managed and/or possessed the premises of the Sheraton Suites Galleria hotel located at 2844 Cobb Parkway SE, Atlanta, Georgia 30339.

17.    At all times relevant hereto, Defendant, **AUDIO VISUAL SERVICES GROUP LLC d/b/a PSAV,** owned, occupied, maintained, supervised, and/or possessed the audio-visual equipment on the premises located at 2844 Cobb Parkway SE, Atlanta, Georgia 30339.

18.    At all times relevant hereto, Defendant, **REALLY SUCCESSFUL LIMITED,** maintained, supervised, and/or possessed the audio-visual equipment on the premises located at 2844 Cobb Parkway SE, Atlanta, Georgia 30339. **REALLY SUCCESSFUL LIMITED,** contracted with the Sheraton Suites Galleria Atlanta hotel for the use of the premises for an e-commerce seminar in February 2018, including the use of their audio-visual equipment. Plaintiff attended **REALLY SUCCESSFUL LIMITED'S** e-commerce seminar. During the e-commerce

seminar, **REALLY SUCCESSFUL LIMITED** utilized the audio-visual equipment and maintained, supervised, and/or possessed the audio-visual equipment and were aware of and failed to warn and abate hazardous conditions that existed on the premises.

19.     At all times relevant hereto, Defendant, **MOONSONG MEDIA,** acted as a contractor for **REALLY SUCCESSFUL LIMITED** and provide technical support services for the e-commerce seminar conducted at the Sheraton Suites Galleria hotel on February 6, 2018. During the e-commerce seminar, **MOONSONG MEDIA** utilized the audio-visual equipment, and maintained, supervised and/or possessed the audio-visual equipment, and were aware of and failed to warn and abate the hazardous condition that existed on the premises located at 2844 Cobb Parkway SE, Atlanta, Georgia 30339.

20.     At all times, material hereto, Defendant, **BARRY PLASKOW**, maintained, supervised, and/or possessed the audio-visual equipment on the premises located at 2844 Cobb Parkway SE, Atlanta, Georgia 30339. **BARRY PLASKOW** is **REALLY SUCCESSFUL LIMITED'S** Chief Executive Officer, and he hosted the e-commerce seminar at the Sheraton Galleria hotel in February 2018. **BARRY PLASKOW** was responsible for the business invitees, including Plaintiff, who attended his e-commerce seminar. **BARRY PLASKOW** also

oversaw **REALLY SUCCESSFUL LIMITED'S** daily operations. He approved the contract with the Sheraton Galleria hotel and MOONSONG MEDIA to produce his e-commerce seminar in February 2018, and he inspected the ballroom where Plaintiff's injuries occurred.

21.    At all times, material hereto, the Defendants, **JOHN DOES 1-5**, maintained, supervised, inspected, and/or provided security and cleaning services for Sheraton Galleria Suites hotel premises at 2844 Cobb Parkway SE, Atlanta, Georgia 30339 in February 2018. **JOHN DOES 1-5** are liable to Plaintiff for her injuries for failing to warn others of a defective and hazardous condition, correct, remedy, repair the defect, and maintain the premises in a safe condition, among others.

22.    On or about February 6, 2018, and for a period prior thereto, there existed on the premises above where Plaintiff, **CARRIE FISHER**, a business invitee and guest, was injured, dangerous and hazardous conditions, obstructions, defects, and irregularities in the form of an improperly installed audio-visual cord and an electrical power cord causing a danger, menace, nuisance, trap and/or hazard to persons lawfully upon the premises described above.

23.    On or about February 6, 2018, the Plaintiff, **CARRIE FISHER**, while lawfully present on the premises above, was caused to slip and fall due to coming

into contact with the aforementioned defective and hazardous conditions then existing upon the premises above, resulting in serious and permanent injuries.

24.    Defendant, **MARRIOTT INTERNATIONAL, INC.,** by and through its agents, servants, workmen and/or employees, acting in the course of their employment and within the scope of their authority, knew or should have known of the existence of the aforementioned defects and hazards before Plaintiff's fall and Defendant, **MARRIOTT INTERNATIONAL, INC.,** was obliged to correct, remedy, repair and/or eliminate said defects.

25.    Defendant, **COBB GALLERIA HOTEL, LLC** by and through its agents, servants, workmen and/or employees, acting in the course of their employment and within the scope of their authority, knew or should have known of the existence of the aforementioned defects and hazards before Plaintiff's fall and Defendant, **COBB GALLERIA HOTEL, LLC**, was obliged to correct, remedy, repair and/or eliminate said defects.

26.    Defendant, **AUDIO VISUAL SERVICES GROUP LLC d/b/a PSAV,** by and through its agents, servants, workmen and/or employees, acting in the course of their employment and within the scope of their authority, knew or should have known of the existence of the aforementioned defects and hazards

before Plaintiff's fall and Defendant, **AUDIO VISUAL SERVICES GROUP LLC d/b/a PSAV**, was obliged to correct, remedy, repair and/or eliminate said defects.

27.     Defendant, **REALLY SUCCESSFUL LIMITED,** by and through its agents, servants, workmen and/or employees, acting in the course of their employment and within the scope of their authority, knew or should have known of the existence of the aforementioned defects and hazards before Plaintiff's fall and Defendant, **REALLY SUCCESSFUL LIMITED,** was obliged to correct, remedy, repair and/or eliminate said defects.

28.     Defendant, **MOONSONG MEDIA**, by and through its agents, servants, workmen and/or employees, acting in the course of their employment and within the scope of their authority, knew or should have known of the existence of the aforementioned defects and hazards before Plaintiff's fall and Defendant, **MOONSONG MEDIA,** was obliged to correct, remedy, repair and/or eliminate said defects.

29.     Defendant, **BARRY PLASKOW**, by and through its agents, servants, workmen and/or employees, acting in the course of their employment and within the scope of their authority, knew or should have known of the existence of the aforementioned defects and hazards before Plaintiff's fall and Defendant, **BARRY PLASKOW,** was obliged to correct, remedy, repair and/or eliminate said defects.

30.     Defendants, **JOHN DOES 1-5**, by and through its agents, servants, workmen and/or employees, acting in the course of their employment and within the scope of their authority, knew or should have known of the existence of the aforementioned defects and hazards before Plaintiff's fall and Defendants, **JOHN DOES 1-5,** was obliged to correct, remedy, repair and/or eliminate said defects.

31.     By reason of the negligence of the Defendants as hereinafter more fully alleged the Plaintiff, **CARRIE FISHER**, suffered severe and permanent injuries to her neck, back, arms, hands, and knees; she also sustained severe and permanent injuries to the bones, muscles, tendons, ligaments, nerves, and tissues of her neck, back, arms, hands, and knees, including but not limited to the following: acute post-traumatic left knee contusion, tear of lateral and medial meniscus, acute post-traumatic left knee contusion, tear of lateral and medial meniscus, acute post-traumatic cervical and lumbar strain and sprain, injury to her right knee, neck and back due to overcompensation due to injuries sustained to the left knee and aggravation and/or exacerbation of all known and unknown pre-existing medical conditions.

32.     Plaintiff, **CARRIE FISHER**, suffered internal injuries of unknown nature; she suffered severe aches, pains, mental anxiety and anguish, a severe shock

to her entire nervous system, and other injuries the full extent of which are not yet known.

33.     Plaintiff, **CARRIE FISHER**, has in the past and will undergo severe pain and suffering as a result of which she has been in the past and will in the future be unable to attend to her usual duties and occupation, all to her great financial detriment and loss. Plaintiff, **CARRIE FISHER**, believes and therefore avers that her injuries resulted in a permanent loss of bodily function and are permanent in nature.

34.     As a result of the aforesaid occurrence, Plaintiff, **CARRIE FISHER**, has been compelled to effectuate a cure for the aforementioned injuries, expend large sums of money for medicine and medical attention, and may be required to expend additional sums for the same purposes in the future.

35.     As a result of the aforesaid occurrence, Plaintiff, **CARRIE FISHER**, has been prevented from attending to her usual and daily activities and duties and may be prevented for an indefinite time in the future, all to her great detriment and loss.

36.     As a result of the aforesaid occurrence, Plaintiff, **CARRIE FISHER**, has suffered physical pain, mental anguish, and humiliation. She may continue to suffer the same for an indefinite period in the future.

## COUNT I
## MARRIOTT INTERNATIONAL, INC.

35.    Plaintiff, **CARRIE FISHER**, hereby incorporates by reference the above paragraphs of this Complaint as though fully set forth herein.

36.    The above-described injuries and damages were caused by the negligence and carelessness of the Defendant, **MARRIOTT INTERNATIONAL, INC.**, individually, jointly and severally and/or through the acts and omissions of its duly authorized agents, as follows:

   (a)    failing to properly install the audio-visual equipment, including electrical power cords in the area where **CARRIE FISHERS'** incident occurred;

   (b)    failing to properly supervise the installation of the audio-visual equipment, including electrical power cords in the area where **CARRIE FISHERS'** incident occurred;

   (c)    failing to warn business invitees and guests of the aforesaid defective and/or hazardous conditions of which it was aware or should have been aware;

   (d)    failing to correct, remedy, repair and/or eliminate the aforesaid defective and/or hazardous conditions of which it was aware or should have been aware;

   (e)    failing to maintain the premises in a condition which would protect and safeguard persons lawfully upon the premises and prevent them from falling;

   (f)    allowing and permitting the aforesaid defects to remain on the aforesaid premises so as to constitute a menace, danger,

nuisance, trap and/or hazard to persons lawfully upon the premises;

(g)     failing to train its employees to safely set up and maintain conference rooms where business invitees and/or guests would be invited, in a condition and manner which would protect and safeguard persons lawfully upon the premises and to prevent them from getting injured;

(h)     failing to train employees to inspect for potential hazards properly, and

(i)     failing to institute proper procedures, protocols, and/or policies for instruction and employee training to inspect for potential hazards.

37.     As a direct and proximate result of the negligence and/or carelessness of Defendant, **MARRIOTT INTERNATIONAL, INC.,** as set forth more fully above, Plaintiff, **CARRIE FISHER**, sustained severe and permanent injuries as set forth above.

## COUNT II
## COBB GALLERIA HOTEL, LLC

38.     Plaintiff, **CARRIE FISHER**, hereby incorporates by reference the above paragraphs of this Complaint as though fully set forth herein.

39.     The above-described injuries and damages were caused by the negligence and carelessness of Defendant, **COBB GALLERIA HOTEL, LLC**, individually, jointly and severally and/or through the acts and omissions of its duly authorized agents, as follows:

(a)     failing to properly install the audio-visual equipment, including electrical power cords in the area where **CARRIE FISHERS'** incident occurred;

(b)     failing to properly supervise the installation of the audio-visual equipment, including electrical power cords in the area where **CARRIE FISHERS'** incident occurred;

(c)     failing to warn business invitees and guests of the aforesaid defective and/or hazardous conditions of which it was aware or should have been aware;

(d)     failing to correct, remedy, repair and/or eliminate the aforesaid defective and/or hazardous conditions of which it was aware or should have been aware;

(e)     failing to maintain the premises in a condition which would protect and safeguard persons lawfully upon the premises and prevent them from falling;

(f)     allowing and permitting the aforesaid defects to remain on the aforesaid premises so as to constitute a menace, danger, nuisance, trap and/or hazard to persons lawfully upon the premises;

(g)     failing to train its employees to safely set up and maintain conference rooms where business invitees and/or guests would be invited, in a condition and manner which would protect and safeguard persons lawfully upon the premises and to prevent them from getting injured;

(h)     failing to train employees to inspect for potential hazards properly, and

(i)     failing to institute proper procedures, protocols, and/or policies for instruction and employee training to inspect for potential hazards.

40.    As a direct and proximate result of the negligence and/or carelessness of Defendant, **COBB GALLERIA HOTEL, LLC**, as set forth more fully above, Plaintiff, **CARRIE FISHER**, sustained severe and permanent injuries as set forth above.

### COUNT III
### AUDIO VISUAL SERVICES GROUP LLC d/b/a PSAV

41.    Plaintiff, **CARRIE FISHER**, hereby incorporates by reference the above paragraphs of this Complaint as though fully set forth herein.

42.    The above-described injuries and damages were caused by the negligence and carelessness of the Defendant, **AUDIO VISUAL SERVICES GROUP LLC d/b/a PSAV**, individually, jointly and severally and/or through the acts and omissions of its duly authorized agents, as follows:

(a)    failing to properly install the audio-visual equipment, including electrical power cords in the area where **CARRIE FISHERS'** incident occurred;

(b)    failing to properly supervise the installation of the audio-visual equipment, including electrical power cords in the area where **CARRIE FISHERS'** incident occurred;

(c)    failing to warn business invitees and guests of the aforesaid defective and/or hazardous conditions of which it was aware or should have been aware;

(d)    failing to correct, remedy, repair and/or eliminate the aforesaid defective and/or hazardous conditions of which it was aware or should have been aware;

(e)     failing to maintain the premises in a condition which would protect and safeguard persons lawfully upon the premises and prevent them from falling;

(f)     allowing and permitting the aforesaid defects to remain on the aforesaid premises so as to constitute a menace, danger, nuisance, trap and/or hazard to persons lawfully upon the premises;

(g)     failing to train its employees to safely set up and maintain conference rooms where business invitees and/or guests would be invited, in a condition and manner which would protect and safeguard persons lawfully upon the premises and to prevent them from getting injured;

(h)     failing to train employees to inspect for potential hazards properly, and

(i)     failing to institute proper procedures, protocols, and/or policies for instruction and employee training to inspect for potential hazards.

43.     As a direct and proximate result of the negligence and/or carelessness of Defendant, **AUDIO VISUAL SERVICES GROUP LLC d/b/a PSAV** as set forth more fully above, Plaintiff, **CARRIE FISHER**, sustained severe and permanent injuries as set forth above.

## COUNT IV
## REALLY SUCCESSFUL LIMITED

44.     Plaintiff, **CARRIE FISHER**, hereby incorporates by reference the above paragraphs of this Complaint as though fully set forth herein.

45.     The above-described injuries and damages were caused by the negligence and carelessness of the Defendant, **REALLY SUCCESSFUL LIMITED**, individually, jointly and severally and/or through the acts and omissions of its duly authorized agents, as follows:

(a)     failing to properly install the audio-visual equipment, including electrical power cords in the area where **CARRIE FISHERS'** incident occurred;

(b)     failing to properly supervise the installation of the audio-visual equipment, including electrical power cords in the area where **CARRIE FISHERS'** incident occurred;

(c)     failing to warn business invitees and guests of the aforesaid defective and/or hazardous conditions of which it was aware or should have been aware;

(d)     failing to correct, remedy, repair and/or eliminate the aforesaid defective and/or hazardous conditions of which it was aware or should have been aware;

(e)     failing to maintain the premises in a condition which would protect and safeguard persons lawfully upon the premises and prevent them from falling;

(f)     allowing and permitting the aforesaid defects to remain on the aforesaid premises so as to constitute a menace, danger,

18

nuisance, trap and/or hazard to persons lawfully upon the premises;

(g)     failing to train its employees to safely set up and maintain conference rooms where business invitees and/or guests would be invited, in a condition and manner which would protect and safeguard persons lawfully upon the premises and to prevent them from getting injured;

(h)     failing to train employees to inspect for potential hazards properly, and

(i)     failing to institute proper procedures, protocols, and/or policies for instruction and employee training to inspect for potential hazards.

46.     As a direct and proximate result of the negligence and/or carelessness of Defendant, **REALLY SUCCESSFUL LIMITED** as set forth more fully above, Plaintiff, **CARRIE FISHER**, sustained severe and permanent injuries as set forth above.

### COUNT V
### MOONSONG MEDIA

47.     Plaintiff, **CARRIE FISHER**, hereby incorporates by reference the above paragraphs of this Complaint as though fully set forth herein at length.

48.     The above-described injuries and damages were caused by the negligence and carelessness of Defendant, **MOONSONG MEDIA nay MOONSONG PRODUCTION**, individually, jointly and severally and/or through the acts and omissions of its duly authorized agents, as follows:

(a)     failing to properly install the audio-visual equipment, including electrical power cords in the area where **CARRIE FISHERS'** incident occurred;

(b)     failing to properly supervise the installation of the audio-visual equipment, including electrical power cords in the area where **CARRIE FISHERS'** incident occurred;

(c)     failing to warn business invitees and guests of the aforesaid defective and/or hazardous conditions of which it was aware or should have been aware;

(d)     failing to correct, remedy, repair and/or eliminate the aforesaid defective and/or hazardous conditions of which it was aware or should have been aware;

(e)     failing to maintain the premises in a condition which would protect and safeguard persons lawfully upon the premises and prevent them from falling;

(f)     allowing and permitting the aforesaid defects to remain on the aforesaid premises so as to constitute a menace, danger, nuisance, trap and/or hazard to persons lawfully upon the premises;

(g)     failing to train its employees to safely set up and maintain conference rooms where business invitees and/or guests would be invited, in a condition and manner which would protect and safeguard persons lawfully upon the premises and to prevent them from getting injured;

(h)     failing to train employees to inspect for potential hazards properly, and

(i)     failing to institute proper procedures, protocols, and/or policies for instruction and employee training to inspect for potential hazards.

20

49.    As a direct and proximate result of the negligence and/or carelessness of Defendant, **MOONSONG MEDIA**, as set forth more fully above, Plaintiff, **CARRIE FISHER**, sustained severe and permanent injuries as set forth above.

### COUNT VI
### BARRY PLASKOW

50.    Plaintiff, **CARRIE FISHER**, hereby incorporates by reference the above paragraphs of this Complaint as though fully set forth herein.

51.    The above-described injuries and damages were caused by the negligence and carelessness of Defendant, **BARRY PLASKOW**, individually, jointly and severally and/or through the acts and omissions of its duly authorized agents, as follows:

(a)    failing to properly supervise the installation of the audio-visual equipment, including electrical power cords in the area where **CARRIE FISHERS'** incident occurred;

(b)    failing to warn business invitees and guests of the aforesaid defective and/or hazardous conditions of which it was aware or should have been aware;

(c)    failing to correct, remedy, repair and/or eliminate the aforesaid defective and/or hazardous conditions of which it was aware or should have been aware;

(d)    failing to maintain the premises in a condition which would protect and safeguard persons lawfully upon the premises and prevent them from falling;

(e)    allowing and permitting the aforesaid defects to remain on the aforesaid premises so as to constitute a menace, danger, nuisance, trap and/or hazard to persons lawfully upon the premises;

(f)    failing to train its employees and contractors to safely set up and maintain conference rooms where business invitees and/or guests would be invited, in a condition and manner which would protect and safeguard persons lawfully upon the premises and to prevent them from getting injured;

(g)    failing to train employees to inspect for potential hazards properly, and

(h)    failing to institute proper procedures, protocols, and/or policies for instruction and training of employees to inspect for potential hazards.

52.    As a direct and proximate result of the negligence and/or carelessness of Defendant, **BARRY PLASKOW**, as set forth more fully above, Plaintiff, **CARRIE FISHER**, sustained severe and permanent injuries as set forth above.

**COUNT VII**
**JOHN DOES 1-5**

53.    Plaintiff, **CARRIE FISHER**, hereby incorporates by reference the above paragraphs of this Complaint as though fully set forth herein at length.

54.    The above-described injuries and damages were caused by the negligence and carelessness of the Defendants, **JOHN DOES 1-5**, individually, jointly and severally and/or through the acts and omissions of its duly authorized agents, as follows:

22

(a)   failing to warn business invitees and guests of the aforesaid defective and/or hazardous conditions of which it was aware or should have been aware;

(b)   failing to inspect, correct, remedy, repair and/or eliminate the aforesaid defective and/or hazardous conditions of which it was aware or should have been aware;

(c)   failing to maintain the premises in a condition which would protect and safeguard persons lawfully upon the premises and prevent them from falling;

(d)   allowing and permitting the aforesaid defects to remain on the aforesaid premises so as to constitute a menace, danger, nuisance, trap and/or hazard to persons lawfully upon the premises;

(e)   failing to train its employees to safely set up and maintain conference rooms where business invitees and/or guests would be invited, in a condition and manner which would protect and safeguard persons lawfully upon the premises and to prevent them from getting injured;

(f)   failing to train employees to inspect for potential hazards properly, and

(g)   failing to institute proper procedures, protocols, and/or policies for instruction and training of employees to inspect for potential hazards.

55.   As a direct and proximate result of the negligence and/or carelessness of Defendant, **JOHN DOES 1-5**, as set forth more fully above, Plaintiff, **CARRIE FISHER**, sustained severe and permanent injuries as set forth above.

23

## COUNT VIII
## DAMAGES, ATTORNEYS' FEES, EXPENSES, AND PUNITIVE DAMAGES

56.     Plaintiff, **CARRIE FISHER**, hereby incorporates by reference the above paragraphs of this Complaint as though fully set forth herein.

57.     The Defendants' negligence and carelessness caused the Plaintiff, **CARRIE FISHER**, to suffer severe and permanent injuries to her neck, back, arms, hands, and knees; she also sustained severe and permanent injuries to the bones, muscles, tendons, ligaments, nerves, and tissues of her neck, back, arms, hands, and knees, including but not limited to the following: acute post-traumatic left knee contusion, tear of lateral and medial meniscus, acute post-traumatic cervical and lumbar strain and sprain, injury to her right knee, neck and back due to overcompensation due to injuries sustained to the left knee and aggravation and/or exacerbation of all known and unknown pre-existing medical conditions.

58.     The Defendants' negligence and carelessness caused Plaintiff, **CARRIE FISHER**, to suffer internal injuries of unknown nature, severe aches, pains, mental anxiety and anguish, and a severe shock to her entire nervous system, and other injuries the full extent of which are not yet known.

59.     Due to the Defendants' negligence and carelessness, Plaintiff, **CARRIE FISHER**, has in the past and will in the future undergo severe pain and

suffering as a result of which she has been in the past and will in the future be unable to attend to her usual duties and occupation, all to her great financial detriment and loss. Plaintiff, **CARRIE FISHER**, believes and therefore avers that her injuries resulted in a permanent loss of bodily function and are permanent in nature.

60.     The above-described injuries and damages were caused by the negligence and carelessness of the Defendants. Defendants interfered with **CARRIE FISHER'S** normal living, enjoyment of life, loss of capacity to labor and earn money, bodily health, and vigor, caused actual pain and suffering, mental anguish, and has limited her activities.

61.     The above-described injuries and damages were caused by the negligence and carelessness of the Defendants and will cause future interference with **CARRIE FISHER'S** normal living, enjoyment of life, loss of capacity to labor and earn money, bodily health, and vigor, caused actual pain and suffering, mental anguish, and has limited her activities.

62.     To the extent that the Defendants fail to admit that they are liable for causing the incident at issue, Plaintiff seeks attorney's fees and costs pursuant to O.C.G.A. § 13-6-11, because the Defendants have acted in bad faith, been stubbornly litigious, or have caused Plaintiff unnecessary trouble and expense.

63.    Defendants' actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise a presumption of conscious indifference to the consequences so as to entitle Plaintiff and the general public to punitive damages against the Defendants in accordance with O.C.G.A § 51-12-5.1.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendants, individually, jointly and severally, and further prays as follows:

1. The Plaintiff has a trial by jury;

2. The Plaintiff recovers compensatory damages against the Defendants, in an amount to be proven at trial as allowed;

3. The Plaintiff recovers from the Defendants for special, general, and punitive damages as determined at trial as well as attorney's fees and costs of litigation, delay damages, pre-judgment interest, and

4. For such other and further relief as this Court deems proper and allowable by law.

Respectfully submitted this 11th day of June 2021.

**THE LAW OFFICE OF DANIEL R. CRUMBY**

Daniel R. Crumby

Georgia Bar No.:  172517
Law Office of Daniel R. Crumby, LLC
285 West Wieuca Road NE
Unit # 4056
Atlanta, GA 30342
Telephone:  (404) 439-9229
Facsimile:  (404) 393-3675
daniel@crumbylaw.com

**PANSINI & MEZROW**

Michael O. Pansini, Esq.
Steven M. Mezrow, Esq.
1525 Locust Street, Floor 15
Philadelphia, PA 19102-3712
Telephone:  (215) 732-5555
Facsimile:  (215) 732-7872
mpansini@pansinilaw.com
SMezrow@pansinilaw.com

*Counsel For Carrie Fisher*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| CARRIE FISHER, | ) | DEMAND FOR JURY TRIAL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: |
| | ) | |
| MARRIOTT INTERNATIONAL, | ) | |
| INC., COBB GALLERIA HOTEL, | ) | |
| LLC, AUDIO VISUAL SERVICES | ) | |
| GROUP LLC D/B/A PSAV, | ) | |
| REALLY SUCCESSFUL LIMITED, | ) | |
| BARRY PLASKOW, MOONSONG | ) | |
| MEDIA and JOHN DOES 1-5 | ) | |
| | | |
| Defendants. | | |

---

## CERTIFICATE OF COMPLIANCE

---

I hereby certify that the preceding documents were prepared in Times New

Roman 14-point font in conformance with Local Rule 5.1(C).

This 11th day of June 2021.

**THE LAW OFFICE OF DANIEL R.**
**CRUMBY**

Daniel R. Crumby
Georgia Bar No.:  172517

28

Law Office of Daniel R. Crumby, LLC
285 West Wieuca Road NE
Unit # 4056
Atlanta, GA 30342
Telephone:  (404) 439-9229
Facsimile:  (404) 393-3675
daniel@crumbylaw.com